Citation Nr: AXXXXXXXX
Decision Date: 07/30/21 Archive Date: 07/30/21

DOCKET NO. 190514-20135
DATE: July 30, 2021

ORDER

Entitlement to service connection for tinnitus is granted.

REMANDED

Entitlement to service connection for lung cancer is remanded.

Entitlement to service connection for left ankle disability is remanded.

Entitlement to service connection for back disability is remanded.

Entitlement to service connection for left knee disability is remanded.

FINDING OF FACT

Resolving all doubt in the Veteran's favor, the Board finds it is at least as likely as not that his tinnitus was incurred in or caused by his active duty service.

CONCLUSION OF LAW

The criteria for service connection for tinnitus have been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from July 1980 to May 1989.

The rating decision on appeal was issued in March 2019. In May 2019, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). The Veteran elected the hearing lane. 

In April 2021, the Veteran, through his counsel or record, withdrew his request for a hearing and opted for 90 days to submit additional evidence. The Veteran submitted additional evidence in June 2021.

1. Entitlement to service connection for tinnitus.

The Veteran seeks service connection for tinnitus. 

In order to establish service connection for a claimed disability, the following elements must be satisfied: (1) the existence of a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship (nexus) between the present disability and the disease or injury incurred or aggravated during service. Hickson v. West, 12 Vet. App. 246 (1999).

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303. If a condition noted during service is not shown to be chronic, then generally a showing of continuity of symptomatology after service is required for service connection. 38 C.F.R. § 3.303(b), Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). Service connection may also be granted for any disease diagnosed after discharge from service when all of the evidence, including lay evidence, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Lay statements may serve to support a claim for service connection by supporting the occurrence of lay-observable events or the present of disability or symptoms of disability subject to lay observation. 38 U.S.C. § 1153(a); 38 C.F.R. § 3.303(a); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). Although lay persons are considered competent to provide opinions on some medical issues, some medical issues fall outside of the realm of common knowledge of a lay person. Kahana v. Shinseki, 24 Vet. App. 428 (2011).

Tinnitus is a disorder uniquely discernable by the senses. Tinnitus is a chronic disease afforded the relaxed standard where there is evidence of acoustic trauma. Fountain v. McDonald, 27 Vet. App. 258, 260 (2015).

First, the Veteran was afforded a VA audiological examination in February 2019. The Veteran reported an onset of tinnitus between 1987 and 1988, during his active duty service. The examiner found that, given his diagnosis of bilateral hearing loss, it is at least as likely as not that his tinnitus is a symptom associated with his hearing loss. Therefore, the Board finds adequate evidence of a current disability for purposes of service connection.

With regards to an in-service event or injury, the Veteran's military occupational specialty (MOS) was that of Mess Management Specialist. However, in a statement to his private attorney, he noted that he was regularly in the engine room of the ship. Furthermore, he has maintained that his symptoms began in service and have been of a chronic nature since. Affording the Veteran the benefit of the doubt, the Board finds the second element necessary for service connection has been met.

As it pertains to the final element, a nexus, the Board finds it at least as likely as not that his currently diagnosed and chronic tinnitus was incurred in or caused by his active duty service. The examiner stated that it is less likely than not (less than 50 percent probability) that his tinnitus was caused by or a result of his active duty service. The examiner provided the rationale that due to his MOS being that of mess management specialist, he had a low probability of noise exposure. The Board finds this rationale insufficient and unpersuasive. Notably, the examiner failed to take into consideration his lay statements regarding chronicity. Specifically, the examiner failed to consider his statements that his tinnitus began during his active duty since and has continued since. 

In summary, the Board finds that, as a disease of the nervous system, the Veteran's tinnitus can be linked to service based on the Veteran's credible statements of the onset of tinnitus since service. Therefore, based on the subjective nature of tinnitus and the Veteran's lay statements of continuity of symptoms, the Board will find that the evidence is at least in equipoise as to this issue, and that service connection for tinnitus is warranted.

REASONS FOR REMAND

1. Entitlement to service connection for lung cancer is remanded.

In this case, the Veteran seeks service connection for lung cancer. As will be explained, the Board finds a pre-decisional duty to assist error and thus a remand is necessary in order to provide the Veteran with a VA examination to determine the nature and etiology of his lung cancer. See McLendon, 20 Vet. App. at 81-86; 38 U.S.C. § 5103(d)(2); 38 C.F.R. § 3.159(c)(4)(i). 

A medical examination or medical opinion is necessary in a claim for service connection when there is (1) competent evidence of a current disability or persistent or recurrent symptoms of a disability, (2) evidence establishing that an event, injury, or disease occurred in service or establishing certain diseases manifesting during an applicable presumptive period for which the claimant qualifies, and (3) an indication that the disability or persistent or recurrent symptoms of a disability may be associated with the Veteran's service or with another service-connected disability, but (4) insufficient competent medical evidence on file for the Secretary to make a decision on the claim. Id. 

As it pertains to the first element under McLendon, the Veteran's medical records indicate he has a current diagnosis of lung cancer. Regarding the second element under McLendon, the Veteran's attorney has noted that the Veteran was exposed to asbestos on the U.S.S. Reeves and U.S.S. Fargihat while on active duty. As for the third and fourth elements, there is an indication his lung cancer could be related to or caused by his active duty service to include exposure to asbestos, but there is insufficient evidence of record by which the Board can make a decision.

As the four McLendon elements are satisfied, the Board further finds the lack of a VA examination and etiological opinion to be pre-decisional duty to assist errors, therefore, a remand is necessary. 

2. Entitlement to service connection for left ankle disability is remanded.

3. Entitlement to service connection for back disability is remanded.

4. Entitlement to service connection for left knee disability is remanded.

The Veteran seeks service connection for a left ankle disability, back disability, and left knee disability.

The Veteran was scheduled for appropriate VA examination(s) to determine the nature, etiology, and contemporaneous functional impairment of earning capacity resulting these disabilities; however, it does not appear that the Veteran was able to report the VA examination(s). In a subsequent statement to the Board, the Veteran's private attorney noted the Veteran's failure to appear for these VA examinations, and alluded to the debilitating nature of the Veteran's disabilities and how such have negatively impacted his mobility. 

The Board concludes that, in view of the Veteran's disability picture and in the limited scope of the present case, the June 2021 statement from the Veteran's private attorney represents good cause for the veteran's failure to report for the VA examinations, and thus, remand is necessary in order to provide the Veteran another opportunity to participate in substantiating his appeal. 

To this end, the Veteran and his private attorney are encouraged to engage with the AOJ and the Veterans Health Administration (VHA) regarding his ability to participate in the VA examinations which will be scheduled subject to this remand, to include coordinating his travel to and from the examinations. 

The matters are REMANDED for the following action:

1. Schedule the Veteran an appropriate VA examination and obtain a medical opinion regarding the nature and etiology of the Veteran's lung cancer. The examiner should review the entire claims file, conduct all necessary tests and studies, and opine on whether it is at least as likely as not (a 50 percent or better probability) that the Veteran's lung cancer was either incurred in the Veteran's service or caused by exposure to asbestos. A complete rationale should be provided in support of the opinion.

2. Schedule the Veteran an appropriate VA examination and obtain a medical opinion regarding the nature and etiology of the Veteran's left ankle disability. The examiner should review the entire claims file, conduct all necessary tests and studies, and opine on whether it is at least as likely as not (a 50 percent or better probability) that the Veteran's left ankle disability was either incurred in the Veteran's service or caused by his active duty service. A complete rationale should be provided in support of the opinion.

3. Schedule the Veteran an appropriate VA examination and obtain a medical opinion regarding the nature and etiology of the Veteran's back disability. The examiner should review the entire claims file, conduct all necessary tests and studies, and opine on whether it is at least as likely as not (a 50 percent or better probability) that the Veteran's back disability was either incurred in the Veteran's service or caused by his active duty service. A complete rationale should be provided in support of the opinion.

Schedule the Veteran an appropriate VA examination and obtain a medical opinion regarding the nature and etiology of the Veteran's left knee disability. The examiner should review the entire claims file, conduct all necessary tests and studies, and opine on whether it is at least as likely as not (a 50 percent or better probability) that the Veteran's left knee disability was either incurred in the Veteran's service or caused by his active duty service. A complete rationale should be provided in support of the opinion.

 

 

Michael J. Skaltsounis

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board C. DeBoer, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.